UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ZION TSABBAR D.D.S., *pro se*,

              Plaintiff,

  -against-

JOAN MADDEN, individually and in her
official capacity as Justice of New York
Supreme Court; LESLIE LOWENSTEIN,
individually and in his official capacity as
Referee of the New York State Supreme Court;
JEFFREY GOLDBERG, Esq.; STANLEY
MARGUILIES, Esq., of KURZMAN,
KARELSEN & FRANK and BALBER,
PICKARD, BATTISTONI, MALDONADO,
and VAN DER TUIN, 17 East 89th Street
TENANTS INC.,

              Defendants.
-----------------------------------------------------------x

MEMORANDUM AND ORDER

07-CV-4923 (DLI)(LB)

DORA L. IRIZARRY, United States District Judge:

On November 25, 2007, plaintiff, proceeding *pro se*, filed the present action alleging that the defendants have deprived him of his constitutional rights during a landlord-tenant dispute regarding his office property located 17 East 89th Street in Manhattan. Plaintiff seeks declaratory relief and damages. Complaint at 34. Plaintiff paid the filing fee to commence the action. On December 5, 2007, plaintiff filed an order to show cause seeking to enjoin proceedings pending before New York State Supreme Court Justice Joan Madden, sitting New York County. As set forth below, the application is denied and the complaint is dismissed for lack of subject matter jurisdiction.

**Background**

On November 30, 1995, plaintiff purchased real property located in a cooperative building at 17 East 89th Street, Unit 1-D ("the property") for use as his dental office and signed a proprietary lease. Plaintiff alleges that defendants conspired to deprive him of the office by enforcing a provision of the proprietary lease that precluded the subleasing of the space to other doctors. After lengthy litigation in New York County Supreme Court beginning in 1999, plaintiff was "evicted" from his property on June 11, 2003, and the property was turned over to a referee for sale. It was sold on July 12, 2005. Plaintiff also has litigated issues relating to the property in Queens County Supreme Court and the United States District Court, Southern District of New York. See Tsabbar v. Booth, et al. 1:03-cv-06311(RMB); Zion Tsabbar, D.D.S. v. Eason et al., 04-cv-10215(RMB). It appears that actions are still pending in the state courts and the appeal of one of his federal civil rights actions in the Southern District is pending at the United States Court of Appeals, Second Circuit.

**Discussion**

Plaintiff alleges that several of his constitutional rights, including due process, and various state laws were violated over the course of his "eviction." In reviewing plaintiff's complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or when there is "diversity of citizenship" and the amount

in controversy exceeds $75,000.00 (28 U.S.C. § 1332). Federal courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety. Id., see also Fed. R. Civ. P. 12(h)(3).

Plaintiff has fashioned his complaint as one brought pursuant to 42 U.S.C. § 1983[1] alleging Due Process violations. This action is barred under the Rooker-Feldman doctrine for lack of subject matter jurisdiction. This case is "brought by [a] state-court loser[ ] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280 (2005). While there has been much discussion over the limits of the Rooker-Feldman doctrine, the Supreme Court has held this is precisely the type of case to which the Rooker-Feldman doctrine applies. Id.

In Hoblock v. Albany County Bd of Elections, 422 F.3d 77, 83 (2d Cir. 2005), the Second Circuit set out the four requirements of the Rooker-Feldman doctrine in light of Exxon Mobile: (1) "the federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4) the "state court judgment must have been rendered before the district court

---

[1] Even if the court had subject matter over this action, the action would not succeed as plaintiff has named a judge, a clerk and a referee, who would be immune from a 42 U.S.C. § 1983 action, and attorneys and a tenants association, who, as private parties, are not proper parties to a 42 U.S.C. § 1983 claim.

proceedings commenced." 422 F.3d at 85 (internal quotations omitted). Plaintiff's complaint satisfies all four factors for the application of the Rooker-Feldman doctrine: (1) plaintiff lost in state court; the judgment was entered in 2004 and the sale occurred July 12, 2005, (2) the complained of injury was caused by a state court order; (3) the state court determinations in question were rendered before this action was commenced; and (4) plaintiff seeks a declaration that the state court's judgment is unconstitutional and void. Accordingly, this Court lacks subject matter jurisdiction to hear this claim. The court also lacks subject matter jurisdiction to review the underlying basis for this complaint as landlord-tenant relations are a matter of state law. See e.g. Galland v. Margules, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters.").

Moreover, it appears that plaintiff seeks to raise the very issues he previously raised before the United States District Court, Southern District of New York, which, in turn, raise issues already decided by the state courts. Plaintiff is advised that, even if this Court had subject matter jurisdiction over this action, such litigation evidently aimed at vexing the defendants would be dismissed under *res judicata* principles.

**Conclusion**

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction and the request for the issuance of an order to show cause is denied in its entirety. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

SO ORDERED.

Dated: Brooklyn, New York
December 5, 2007

　　　　　　　　　　　　　　　　／s／ DORA L. IRIZARRY
　　　　　　　　　　　　　　　　United States District Judge